IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 16-36731 |
| **DHANRAJMAL S CHANDRABOSE,** *et al.*, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

Federal Recovery LLC and Tao Song dispute who should receive the distribution on Yosemite Auto (Shanghai) Company Limited's claim. Prior to closing the case, the Court authorized the Trustee to deposit $258,550.62 in the Court's registry representing the distribution on Yosemite's proof of claim. (ECF No. 205). Song moved to reopen the case to file documents sufficient to receive the distribution on Yosemite's claim. (ECF No. 211). After the Court reopened the case, Federal Recovery moved for distribution of the funds and Song filed an objection. (ECF Nos. 214; 215).

The Court required the parties to brief whether the Court has subject matter jurisdiction, whether the Court has authority to adjudicate who may act on behalf of Yosemite, and whether the Court should abstain. (ECF No. 217). The issue before the Court is which party is Yosemite's proper agent to receive the distribution.

The Court need not address whether it has subject matter jurisdiction; even if the Court has subject matter jurisdiction, it will abstain.

Under § 1334, the Court may abstain "in the interest of justice" or "in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Courts consider a number of

factors in deciding whether to abstain or remand. *Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, at *7–8 (Bankr. S.D. Tex. 2011). These include:

(1) Effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;

(2) Extent to which state law issues predominate over bankruptcy issues;

(3) Difficult or unsettled nature of applicable law;

(4) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) Jurisdictional basis, if any, other than § 1334;

(6) Degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) The substance rather than the form of an asserted core proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

(9) The burden of the bankruptcy court's docket;

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) The existence of a right to a jury trial;

(12) The presence in the proceeding of non-debtor parties;

(13) Comity; and

(14) Possibility of prejudice to other parties in the action.

*Id.*

**Factors 1, 2, 6, 7, 8, and 12 favor abstention.**

Factor 1 supports abstention.  This matter cannot affect the administration of the estate.  The case is closed, the estate has been fully administered, and the Trustee has been discharged.

Factor 2 supports abstention.  State law (or at least non-bankruptcy) governs this dispute.

Factor 6 supports abstention.  This issue is not related to the main bankruptcy case.  The main bankruptcy case is closed.  This issue is between two alleged agents of a creditor over funds indisputably owed to the principal of the purported agents.  The outcome of this issue will have no effect on the main bankruptcy case.

Factor 7 supports abstention.  This issue is not the type for which resolution by a bankruptcy court should be favored.

Factor 8 supports abstention. It would not be problematic to sever this lawsuit.  Once another Court identifies the appropriate agent, this Court only need authorize a distribution to that agent.

Factor 12 supports abstention.  The parties in this dispute are non-debtor parties.

**Factors 3 and 4 do not support abstention.**

Factor 3 does not support abstention.  This case does not appear to involve difficult or unsettled law.

Factor 4 does not support abstention.  The Court is not aware of any existing proceeding related to this issue.

**Factors 5, 9, 10, 11, 13, and 14 are neutral.**

Factor 5 is neutral.  The Court has not engaged in a jurisdictional analysis.  The Court does not know if there is diversity jurisdiction.  There is no federal question jurisdiction.  If anything, this factor favors abstention, not retention.

Factor 9 is neutral. This Court's docket is neither so overwhelming nor so light as to weigh for or against abstention. Moreover, there is no evidence regarding another court's docket which would suggest that one forum is more or less congested than the other.

Factor 10 is neutral.  The Court has no knowledge that either party is attempting to forum shop by seeking adjudication of this issue here or elsewhere.

Factor 11 is neutral.  If this issue is adjudicated in China, the Court does not know if the parties will be entitled to a jury trial.  If this issue is adjudicated in the United States, the parties will be entitled to a jury trial.

Factor 13 is neutral.  These are solely non-bankruptcy causes of action between non-debtors.  There are no novel issues that present a countervailing state interest.

Factor 14 is neutral.  No party has sufficiently demonstrated it would suffer prejudice if the Court rules against, or in favor of, abstention.

A numerical weighting of the factors favors abstention.  Six factors favor abstention, two factors favor retention, and six factors are neutral.  More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion.  *See Special Value Continuation Partners*, 2011 WL 5593058, at \*10.  The factors favoring abstention are of significant importance and persuasion, namely factors 1, 6, and 12.  This issue cannot affect the estate because the estate does not exist.  It is a straightforward non-bankruptcy law dispute between two alleged agents.  Once another court

issues a final judgment determining which agent is authorized to receive the disbursement, this Court will order a distribution from the registry.

On balancing the permissive abstention factors, abstention is warranted. The Court will abstain under § 1334(c)(1).

SIGNED 06/29/2022

Marvin Isgur
United States Bankruptcy Judge